UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| INTERPRETER SERVICES, INC., | \* | CIV. 10 - 4007 |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | AMENDED COMPLAINT |
| | \* | |
| BTB TECHNOLIGIES, INC., URRELAY, INC., and THOMAS M. DAFNOS, Individually, and WILLIAM McCLELLAND and BENJAMIN DUDLEY, Pursuant to FRCP 19(a), | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PARTIES AND JURISDICTION

1. Plaintiff, Interpreter Services, Inc., at all times pertinent to this action, was a South Dakota corporation <u>licensed and</u> doing business in Minnehaha County, South Dakota and is in the business of providing interpreting services to the deaf and hard of hearing.

2. Defendant, BTB Technologies, Inc., was at all times pertinent to this action, a corporation with corporate headquarters in the State of Indiana and is in the business of providing Video Relay Services for the deaf and hard of hearing through the utilization of Video Interpreting Call Centers.

3. Defendant, URrelay, Inc., was at all times pertinent to this action, a corporation with corporate headquarters in the State of Iowa.

4. Defendant, Dafonos was at all times pertinent to this action, a citizen of the State of Indiana and was an officer and director of Defendants, BTB Technologies, Inc. and URrelay, Inc.

5. Defendant, <u>McClelland</u> was at all times pertinent to this action, a citizen of the State of Iowa and was an officer and director of Defendants, BTB Technologies, Inc. and URrelay, Inc.

6. Defendant, Dudley, was at all times pertinent to this action, a citizen of the State of Iowa and was an officer and director of Defendants, BTB Technologies, Inc. and URrelay, Inc.

7. The jurisdiction of this Court further arises under 28 U.S.C. & 1332, this being a civil

action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different States.

## COUNT I
## MISREPRESENTATION

8. Paragraphs 1 through 7 are hereby incorporated herein as if set out in full.

9. Plaintiff, Interpreter Services, Inc. and Defendant, BTB Technologies, Inc. entered into a "Professional Services Agreement" on or about November 4, 2008, wherein Defendant, BTB Technologies, Inc. or its partner, Defendant URrelay, Inc., would provide and install necessary equipment and supplies for a typical call center environment and Plaintiff, Interpreter Services, Inc., would provide the location and professional staff.

10. Defendant, BTB Technologies, Inc., would compensate Plaintiff Interpreter Service, Inc. at "one dollar and thirty cents ($1.30) per interpreter logged in minute, according to the terms of the Professional Services Agreement.

11. Defendant, UrRelay, Inc., timely paid Plaintiff, Interpreter Services, Inc. according to the terms and conditions of the Professional Services Agreement during the period December, 2008 through August, 2009.

12. That Plaintiff, Interpreter Services, Inc., sent notice to Defendant, Dafnos, president of Defendant, BTB Technologies, Inc., on or about November 2, 2009, that Plaintiff, Interpreter Services, Inc. was terminating the Professional Services Agreement because of Defendant, BTB Technologies, Inc.'s breach for failure to pay.

13. That on or about December 16, 2009, Defendant, Thomas M. Dafnos admitted service on behalf of Defendant, BTB Technologies, Inc., of lawsuit, *Interpreter Services, Inc. v. BTB Technologies, Inc., State of South Dakota, County of Minnehaha, Second Judicial Circuit*, wherein Defendant BTB Technologies, Inc. was sued for breach of the Professional Services Agreement for failure to pay Plaintiff, Interpreter Services, Inc., for services provided according to the terms of the Professional Services Agreement.

14. That on or about December 29, 2009, Counsel for Defendant, BTB Technologies, Inc. sent a letter to Counsel for Plaintiff, Interpreter Services, Inc. stating, among other things, that Defendant BTB Technologies, Inc. "is insolvent" and Defendant BTB Technologies, Inc. "has not received any income since, March."

15. That at all times pertinent did Defendant, BTB Technologies, Inc. represent to Plaintiff, Interpreter Services, Inc., that BTB Technologies, Inc. was a financially solid company and was able to pay its obligations as set forth in the Services Agreement.

16. That at all times pertinent did Defendant, BTB Technologies, Inc. represent to Plaintiff, Interpreter Services, Inc., that BTB Technologies, Inc. was a strong and vibrant company in the process of opening call centers all over the country.

17. Specifically, Defendant Dafnos flew to South Dakota on September 25, 2008 to meet with Plaintiff personally. Defendant Dafnos represented Defendant URRelay was in the need for new call centers as their traffic was increasing.

18. The original agreement with Defendants, was for Plaintiff to start with 4 stations with hours of operation from 7:30 a.m. to 7:30 p.m. Defendant's made the assertion Plaintiff could increase to 8 stations rather quickly.

19. The statements made by Defendant Dafnos concerning the business potential available for plaintiff and the soundness of his companies were false.

20. Defendant Dafnos know the statement was untrue or, in the alternative, Defendant Dafnos recklessly made the statement.

21. That all Defendants named, either knew or should have known that Defendant, BTB Technologies, Inc., was either insolvent or was soon to be insolvent in November, 2008, when Defendants, Dafnos and BTB Technologies, Inc. negotiated the Professional Services Agreement with Plaintiff, Interpreter Services, Inc.

22. Defendant Dafnos made the statements with the intent to deceive Plaintiff and for the purpose of inducing Plaintiff to rely upon the statements.

23. Plaintiff did in fact rely on Defendant's statements and was induced by the statement to act on it to the damage of Plaintiff.

24. As a direct and proximate result of the acts and omissions of Defendants above named, Plaintiff, Interpreter Services, Inc. has suffered economic loss, severe emotional distress, and loss of professional reputation.

25. That at all times pertinent hereto Defendant Dafnos was an agent of Defendants BTB Technologies, Inc. and URrelay, Inc. and Defendant Dafnos made positive assertions to Plaintiff to induce Plaintiff Interpreter Services, Inc. to enter into the Professional Services Agreement, wherein Defendant Dafnos knew said assertions were not true and were not warranted by the information held by Defendant Dafnos.

26. That at all times pertinent hereto Defendant McClelland was an agent of Defendants BTB Technologies, Inc. and URrelay, Inc. and Defendant McClelland made positive assertions to Plaintiff to induce Plaintiff Interpreter Services, Inc. to enter into the Professional Services Agreement, wherein Defendant knew said assertions were not true and were not warranted by the information held by Defendant McClelland.

27. That at all times pertinent hereto Defendant Dudley was an agent of Defendants BTB Technologies, Inc. and URrelay, Inc. and Defendant Dudley made positive assertions to Plaintiff to induce Plaintiff Interpreter Services, Inc. to enter into the Professional Services Agreement, wherein Defendant knew said assertions were not true and were not warranted by the information held by Defendant Dudley.

28. That as a direct and proximate result of the negligent and intentional acts of Defendants, Plaintiff has incurred damages as follows:

3

| | |
|---|---|
| Sioux Falls Call Center start-up costs | 20,000.00 |
| Web site development: | 15,000.00 |
| 10 digit operational number | 5,000.00 |
| Marketing and Advertising | 90,700.00 |
| Lost revenue from August through December, 2009 | 206,000.00 |
| Lost revenue from January through December, 2010 | 600,000.00 |
| Administrative costs | 175,000.00 |

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

1. For compensatory damages in such amount as the evidence at trial may show;
2. For punitive damages as the evidence at trial may show;
3. For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney's fees, and for such other and further relief as the Court may deem just.

Dated at Sioux Falls, South Dakota this 19th day of March, 2010.

CHRISTENSON LAW OFFICE, P.C.

By: /s/ Teresa M. Schulte
Teresa M. Schulte
Attorney for Plaintiff
400 North Main Avenue, Suite 206
Sioux Falls, SD 57104
(605) 332-1200

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Dated at Sioux Falls, South Dakota this 19th day of March, 2010.

                                              CHRISTENSON LAW OFFICE, P.C.

                                    By:  /s/ Teresa M. Schulte
                                          Teresa M. Schulte
                                          Robert A. Christenson
                                          Attorney for Plaintiff
                                          400 North Main Avenue, Suite 206
                                          Sioux Falls, SD 57104
                                          (605) 332-1200