

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INTERPRETER SERVICES, INC., | CIV. 10-4007 |
| Plaintiff, | |
| v. | ORDER |
| BTB TECHNOLOGIES, INC., and THOMAS M. DAFNOS, Individually, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending are Motion for Sanctions,[1] Motion to Stay Proceedings,[2] Motion for Leave to Submit Additional Affidavit,[3] and Motion to Amend the Complaint.[4] Because the deadline for filing motions is imminent and because more time is needed to address the issue about fake evidence, the motion to stay is GRANTED and the rulings on the remaining motions are deferred.

## BACKGROUND

The centerpiece is email which BTB insists is fake evidence[5] and which Interpreter Services insists was among BTB's 1,141 pages of Rule 26 initial disclosures.[6] Interpreter Services does not intend to use the emails as evidence and suggests the emails are not relevant. But Interpreter

---

[1] Doc. 39.

[2] Doc. 45.

[3] Doc. 66.

[4] Doc. 57.

[5] Doc. 42.

[6] Doc. 42, ¶ 14; Doc. 49, ¶ 5- 8 & ¶ 18-19; & Doc. 65, ¶ 5.

Services earlier held a different view i.e., suggesting to BTB that the emails would support a claim for tortious interference with contract and asking BTB to supplement its Rule 26 initial disclosures to include the disputed emails, and upon BTB's refusal Interpreter Services supplemented their own Rule 26 initial disclosures to include the disputed emails.[7] One or both counsel have suggested the South Dakota Bar Association disciplinary board will be notified.[8]

These emails connect this lawsuit and a lawsuit in New York.[9] The link appears to be Lamar Stewart who was a former employee of Interpreter Services and is "a consultant on business matters and a trusted friend" of Kasey Entwisle who is the owner and sole shareholder of Interpreter Services.[10] Lamar Stewart is also Senior Vice President of Healinc Telecom, LLC, one of the defendants in the New York case.[11] Healinc asserted a counterclaim against Waite in the New York case. On October 14, 2010, Stewart reviewed BTB's Rule 26 disclosures.[12] On October 15 he took them home.[13] On October 21, Stewart, Entwisle, and counsel for Interpreter Services reviewed the documents "in more detail."[14] On October 21 "the Rule 26 discovery material was shared with

---

[7]Doc. 42, ¶ 14; ¶ 47; Doc. 49, ¶ 10 & 11;

[8]Doc. 53, Ex. U.

[9]*Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, (S.D.N.Y.).

[10]Doc. 49, ¶ 8; Doc. 50, ¶ 1 & 21.

[11]Federal Communications Commission, proceeding 03-123, *ex parte* letter authored by consultant Andrew Isar dated February 10, 2011.

[12]Doc. 61, ¶ 4.

[13]Doc. 61, ¶ 5.

[14]Doc. 61, ¶ 7.

2

attorneys in New York, case *Waite v. Scheonback*, No. 10-3439."[15] On November 19, 2010, Healinc asserted a counterclaim for both compensatory and punitive damages against Waite in the New York case. The counterclaim includes specific phrases which appear in the disputed emails. The counter claim alleges "[t]his is a tragic case of corporate espionage, conspiracy and the malicious efforts of a high-ranking officer to destroy the business of his employer for his personal benefit and the benefit of competitors of his employer."[16] On January 14, 2011, Waite and Schoenbach settled their lawsuit for $8,500 at a mediation after Waite had first demanded $400,000 to settle.[17] These emails were produced to Waite for the first time at this mediation, after which Waite agreed to settle.[18] Waite has moved to set aside the settlement agreement and to reopen the case alleging the emails which persuaded him to settle were fabricated.[19] The defense has resisted the motion.[20] Both of the senders of the disputed emails have denied authoring the emails, i.e. Waite and Dafnos. The New York court has established a briefing schedule with the last brief due July 21, 2011.

## ANALYSIS

The subject emails which both parties say were among BTB's Rule 26 disclosures are Bates stamped 0434, 0435, and 0436 and also numbered 1, 2, or 3 in original at the bottom of the

---

[15]Doc. 62, ¶ 4.

[16]*Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, Doc. 21, p. 8, ¶ 1 & p. 18-19, ¶ 57-62, (S.D.N.Y.).

[17]*Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, Doc. 31, (S.D.N.Y.).

[18]Doc. 62.

[19]*Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, Doc. 32, (S.D.N.Y.).

[20]*Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, unnumbered docket entry of 06/06/11, (S.D.N.Y.).

respective page. The trouble is that one version of 0434, 0435, and 0436 is an innocuous exchange between Tom Dafnos and Kasey Entwhisle. The other allegedly fake version is a devious exchange between Tom Dafnos and Wesley Waite which tells a story of what the parties describe as corporate espionage. The content of and the parties to each version of emails are dramatically different. Both Waite in New York and BTB in this case identify inconsistencies which suggest each of the three pages of emails between Dafnos and Waite has been fabricated.[21] For example, on one of the emails in the chain of emails the subject line is "I Need for your guys to . . . .," but the reply email says "I need for you guys to . . . .". Both Waite and BTB point out that changing "Need" to "need" shows the reply email was not generated by any email system which automatically restates the "To, From, and Re" headings and entries.

Both versions are Bates stamped 0434, 0435, and 0436, but it appears one or the other was fabricated. This is a serious matter without regard to relevance of these emails in the South Dakota lawsuit. It is therefore appropriate to explore the issue about the emails before proceeding further in the South Dakota lawsuit.

It is ORDERED that BTB's motion to stay proceedings (Doc. 45) in this lawsuit is GRANTED.[22] All proceedings in this case are stayed pending further Order from the court.

---

[21] Doc. 41, pp. 27-28 and *Wesley N. Waite, Sr. v. Stanley F. Schoenbach et al*, 10-3439, Doc. 32-3, ¶ 9, (S.D.N.Y).

[22] Doc. 45.

It is FURTHER ORDERED that the rulings on the other pending motions are DEFERRED.[23]

Dated this 30th day of June, 2011

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[23]Docs. 39, 57, & 66.